## UNITED STATES DEPARTMENT OF THE TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS *v.* GALIOTO

No. 84–1904.   Argued March 26, 1986—Decided June 27, 1986

BURGER, C. J., delivered the opinion for a unanimous Court.

*Charles A. Rothfeld* argued the cause for appellant.   With him on the briefs were *Solicitor General Fried, Assistant*

*Attorney General Willard, Deputy Solicitor General Geller,* and *Nicholas S. Zeppos.*

*Michael A. Casale* argued the cause and filed a brief for appellee.[*]

CHIEF JUSTICE BURGER delivered the opinion of the Court.

We noted probable jurisdiction to decide whether Congress may, consistent with the Fifth Amendment, forbid all involuntarily committed former mental patients to purchase firearms while permitting some felons to do so.

In 1982 appellee attempted to purchase a firearm at Ray's Sport Shop in North Plainfield, New Jersey. The Sport Shop gave appellee a standard questionnaire, which asked, *inter alia:* "Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution?" Appellee had been involuntarily committed to a mental hospital for a period of several days in 1971, and accordingly answered "yes" to this question. The store then refused to sell him a gun by reason of 18 U. S. C. § 922(d)(4), which makes it unlawful for a licensed dealer in firearms "to sell . . . any firearm . . . to any person knowing or having reasonable cause to believe that such person . . . has been adjudicated as a mental defective or had been committed to any mental institution." Federal firearms laws also forbid "any person . . . who has been adjudicated as a mental defective or who has been committed to a mental institution . . . to ship or transport any firearm or ammunition in interstate or foreign commerce," 18 U. S. C. § 922(g), or to "receive any firearm or ammunition which has been shipped or transported in in-

---

[*]Briefs of *amici curiae* urging affirmance were filed for the American Psychological Association by *Margaret Farrell Ewing, Donald N. Bersoff,* and *Arlene S. Kanter;* for the Coalition for the Fundamental Rights and Equality of Ex-Patients by *Richard E. Gardiner* and *Robert Dowlut;* and for the New Jersey Department of the Public Advocate, Division of Mental Health Advocacy, et al. by *Linda G. Rosenzweig, Penelope A. Boyd,* and *Peter Margulies.*

terstate or foreign commerce," § 922(h). Partially overlapping provisions of 18 U. S. C. App. §§ 1202(a)(1) and (3) prohibit any person who has "been adjudged by a court . . . of being mentally incompetent" from receiving, possessing, or transporting firearms.

After unsuccessfully seeking a special exemption from the Bureau of Alcohol, Tobacco and Firearms, appellee brought suit in the United States District Court for the District of New Jersey, challenging the constitutionality of the firearms legislation. The District Court concluded that those portions of the federal firearms statutes that deprived appellee of his ability to purchase a firearm were constitutionally infirm. 602 F. Supp. 682, 683 (1985). Both felons and persons who have been committed to mental institutions, *inter alia,* are subject to the firearms disabilities contained in 18 U. S. C. § 922(d). Under 18 U. S. C. § 925(c), however, felons who have committed crimes not involving firearms may apply to the Bureau for administrative relief from these disabilities. No such relief is permitted for former mental patients.

Section 925(c) provides in relevant part:

> "A person who has been convicted for a crime punishable by imprisonment for a term exceeding one year (other than a crime involving the use of a firearm or other weapon or a violation of this chapter or of the National Firearms Act) may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, or possession of firearms and incurred by reason of such conviction, and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

The District Court held that this scheme violated equal protection principles because, in its view, "[t]here is no rational basis for thus singling out mental patients for permanent disabled status, particularly as compared to convicts." 602 F. Supp., at 689. The court also concluded that the statutory scheme was unconstitutional because it "in effect creates an irrebuttable presumption that one who has been committed, no matter the circumstances, is forever mentally ill and dangerous." *Id.*, at 690. We noted probable jurisdiction over the Government's appeal, 474 U. S. 943 (1985), and the case was argued on March 26, 1986.

Meanwhile, Congress came to the conclusion, as a matter of legislative policy, that the firearms statutes should be redrafted. On May 19, 1986, while this case was under consideration here, the President signed into law Pub. L. 99–308, 100 Stat. 449. Section 105 of the statute amends the provision providing for administrative relief from firearms disabilities, 18 U. S. C. § 925(c), by striking out the language limiting the provision to certain felons and changing the statute to read that any person who "is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition" may apply to the Secretary of the Treasury for relief. Section 110 of the statute provides that the amendment made by § 105 "shall be applicable to any action, petition, or appellate proceeding pending on the date of the enactment of this Act."

This enactment significantly alters the posture of this case. The new statutory scheme permits the Secretary to grant relief in some circumstances to former involuntarily committed mental patients such as appellee. The new approach affords an administrative remedy to former mental patients like that Congress provided for others prima facie ineligible to purchase firearms. Thus, it can no longer be contended that such persons have been "singled out." Also, no "irrebuttable presumption" now exists since a hearing is afforded to anyone subject to firearms disabilities. Accordingly, the equal protection and "irrebuttable presumption" issues dis-

cussed by the District Court are now moot. See *United Building and Construction Trades Council of Camden County and Vicinity* v. *Mayor and Council of Camden*, 465 U. S. 208, 213 (1984).

In such circumstances, "it is the duty of the appellate court to set aside the decree below . . . ." *Duke Power Co.* v. *Greenwood County*, 299 U. S. 259, 267 (1936); see also *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39–40 (1950). We therefore vacate the judgment of the District Court. However, since appellee's complaint appears to raise other issues best addressed in the first instance by the District Court, we also remand the case for further proceedings consistent with this opinion.

*Vacated and remanded.*