925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew Huntley PAXTON, Plaintiff-Appellee,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,
Richard A. Thornburgh, Attorney General, Eugene P. McNary,
Commissioner, Immigration and Naturalization Service, James
H. Montgomery, District Director, Immigration and
Naturalization Service, Defendants-Appellants.
 No. 90-2288.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 The United States Immigration and Naturalization Service (INS) and individual defendants appeal the district court's order declaring 8 U.S.C. Sec. 1252(a)(2) unconstitutional insofar as it did not provide the plaintiff a bail hearing pending deportation proceedings. The district court also directed defendants to conduct a bail hearing to determine the plaintiff's suitability for release on bail pending a final adjudication of deportability. Pending this appeal the Immigration Act of 1990, Pub.L. 101-649, was enacted which amends 8 U.S.C. Sec. 1252(a)(2) to require the release on bond of aliens "lawfully admitted for permanent residence" if "the alien is not a threat to the community and ... is likely to appear before any scheduled hearings." The government defendants now move this court to vacate the district court's judgment and remand with instructions that the case be dismissed as moot. The plaintiff responds that the appeal should be summarily dismissed or the lower judgment summarily affirmed, but that the district court should not be directed to vacate its judgment.
 
 
 3
 When an appeal is rendered moot prior to final disposition, the appellate court must vacate the lower court's judgment and remand with instructions to dismiss. Deakins v. Monaghan, 484 U.S. 193, 200 (1988); Neighbors Organized to Insure a Sound Environment, Inc. v. McArtor, 878 F.2d 174, 179 (6th Cir.1989). Vacation and remand for dismissal is also appropriate where an intervening amendment to a statute renders moot a decision that the prior statute violated constitutional provisions. See U.S. Dept. of Treasury, Bureau of Alcohol, Tobacco and Firearms v. Galioto, 477 U.S. 556 (1986).
 
 
 4
 It is therefore ORDERED that the district court's judgment is vacated, and this appeal is remanded to the district court which is instructed to dismiss the case as moot.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation