39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul JOHNSON, Petitioner-Appellant,
v.
Walter CHAPLEAU, Warden, Respondent-Appellee.
 No. 94-5689.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
Order Vacated on Grant of Rehearing
Feb. 3, 1995.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and DE MASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Paul Johnson, a pro se Kentucky parolee, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson, who was serving a life term in Kentucky for murder, rape, and trafficking in marijuana, was released on parole on February 7, 1986. His conditions of parole included provisions that prohibited him from leaving Madison County without the permission of his parole officer, and from drinking alcoholic beverages. On June 27, 1986, Johnson was arrested in Rockcastle County. A preliminary parole revocation hearing was held on July 9, 1986, during which the arresting officer testified that he smelled alcohol on Johnson's breath at the time of his arrest. Johnson was represented at the preliminary hearing by counsel who argued that Johnson was mentally incompetent to undergo the proceedings and that he was under the influence of medication that simulated the effects of inebriation. The administrative law judge (ALJ), nonetheless, found probable cause to believe that Johnson had violated the conditions of his parole. On July 22, 1986, after a final revocation hearing at which Johnson was not represented by counsel, Johnson's parole was revoked and he was sentenced to a 48-month parole deferment.
 
 
 4
 Johnson's first federal habeas petition was dismissed without prejudice for failure to exhaust state remedies as to all of his grounds for relief. After returning unsuccessfully to the Kentucky courts, Johnson filed his present petition raising the following grounds for relief: (1) he received ineffective assistance of counsel during his preliminary parole revocation hearing, (2) his incompetency was a bar to the proceedings, (3) he was denied an adequate written statement of the evidence relied upon for revoking his parole, (4) he was denied counsel at his final revocation hearing, and (5) the Kentucky Parole Board's failure to follow the regulations that were in effect at the time he was charged and convicted of his underlying offenses violated the Ex Post Facto Clause. The district court denied Johnson's petition in a memorandum opinion and order entered on May 11, 1994, finding that Johnson had failed to establish either deficient performance by counsel or prejudice from counsel's alleged error, that the ALJ had specifically found that Johnson understood the nature and consequences of his parole revocation proceedings and was able to present his version of events, that the record as a whole provided evidence and reasons for the Parole Board's decision, and that there was no constitutional requirement that counsel be present at the final as well as the preliminary hearing.
 
 
 5
 Johnson filed a timely notice of appeal in which he noted that he was paroled on March 31, 1994, to his sister's home in North Carolina. He continues to argue the merits of his grounds for relief in his appellate brief. In addition, he requests the appointment of counsel to assist in his appeal. The respondent has notified the court that he will not be filing a brief.
 
 
 6
 Upon review, we vacate the district court's order and remand the case for dismissal as moot because this court cannot grant relief to Johnson beyond the release on parole that he has already been granted by the Kentucky Parole Board. See Burke v. Barnes, 479 U.S. 361, 364-65 (1987); United States Dep't of Treasury v. Galioto, 477 U.S. 556, 559-60 (1986).
 
 
 7
 Johnson does not attack his conviction; he challenges only the revocation of his parole in 1986. Where a petitioner challenging the revocation of his parole seeks a final release from his sentence, it is arguable that his habeas petition is not rendered moot by his release on parole. See Brewer v. Dahlberg, 942 F.2d 328, 335 (6th Cir.1991). In this case, however, Johnson seeks either "immediate release from any further incarceration" or a "full and fair" revocation hearing. The nature of the alternative relief requested by Johnson clearly indicates that he does not seek a final release from his life sentence (a remedy that would be inappropriate in any event), but immediate release on parole. Thus, even if this court were to find merit in Johnson's appeal and grant the writ, Johnson's status would not change; he would merely remain on parole.
 
 
 8
 Accordingly, the request for the appointment of counsel is denied. The district court's order, entered on May 11, 1994, is vacated and the case is remanded for the district court to dismiss the case as moot. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. De Mascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation