OUTDOOR MEDIA GROUP, INC., and Chance Outdoor, LLC, Plaintiffs,

v.

CITY OF BEAUMONT
et al., Defendants.

No. 03–1461 RT (SGLX).

United States District Court,
C.D. California,
Eastern Division.

June 30, 2005.

Jeffrey A. Tidus and Henry Gonzales of Baute and Tidus, Los Angeles, CA, for Plaintiffs Outdoor Media Group and Chance Outdoor.

Joseph S. Aklufi of Aklufi and Wysocki, Michael A. Bell of Bell Orrock and Watase, Riverside CA, Randal R. Morrison of Sabine and Morrison, San Diego, CA, and Timothy T. Coates of Greines, Martin, Stein and Richland, Los Angeles, CA, for Defendant City of Beaumont.

ORDER (1) GRANTING DEFENDANT CITY OF BEAUMONT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); and (2) DISMISSING THIS ACTION.

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered defendant City of Beaumont ("City")'s motion to dismiss the complaint of plaintiffs Outdoor Media

Group, Inc., and Chance Outdoor, LLC (collectively, "Plaintiffs")s' pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("Rule 12(b)(6)"), Plaintiffs' opposition, and City's reply. Based on such consideration, the court concludes as follows:

## I.

### BACKGROUND [1]

Plaintiffs lease billboards to the public throughout Southern California. The billboards are typically located on property leased by Plaintiffs.

On May 22, 2003, Plaintiffs filed a conditional use permit ("CUP") application to erect four billboards in City. On July 8, 2003, City's Director of Planning recommended that the City Planning Commission deny the CUP because: (1) it was anticipated that the subject site would be part of a larger regional commercial development in the future; (2) it would result in an excessive, undue, and adverse visual intrusion of the area; and (3) it would adversely affect existing views of open space and visual relief and future views of new commercial development. The City Planning Commission denied Plaintiffs' CUP application.

On July 10, 2003, Plaintiffs filed an appeal with the City Council. On September 16, 2003, the City Counsel rejected Plaintiffs' appeal.

On December 12, 2003, Plaintiffs filed a complaint alleging that City deprived them of their constitutional rights under the First and Fourteenth Amendments in violation of 42 U.S.C. § 1983 ("Section 1983"). They contend: (1) City, in exercising its discretion to deny the CUP application, acted in an arbitrary and illogical manner; (2) City had no reasonable basis to deny the application; and (3) City's sign ordinance was unconstitutionally vague and gave City officials unfettered discretion in determining whether a sign is subject to any provision of the sign ordinance. Plaintiffs seek declaratory relief declaring the sign ordinance unconstitutional facially and as applied, and injunctive relief barring City from preventing and interfering with Plaintiffs' erecting offsite signs in the industrial and commercial zones of City. Plaintiffs also pray for damages.

On February 4, 2004, City enacted an Urgency Ordinance that repealed and replaced the ordinance which is the subject of Plaintiffs' action. The Urgency Ordinance materially changed the repealed ordinance: it completely prohibited new billboards. On March 16, 2004, City enacted Ordinance 856 which is almost identical to the Urgency Ordinance. It became effective on April 15, 2004.

City has filed the instant motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6). City contends that Plaintiffs' claims seeking declaratory relief, injunctive relief, and damages are moot and are barred by the doctrine of *res judicata.*

## II.

### REQUEST FOR JUDICIAL NOTICE

City requested that this court take judicial notice of the following documents, presented as exhibits to the request for notice:

A.  Former Beaumont Municipal Code Chapter 17.60 ("Chapter 17.60");

B.  Ordinance No. 854 repealing Chapter 17.60 of the Beaumont Municipal Code and adopting as an Urgency Ordinance Chapter 17.61 of the Beaumont Municipal Code;

---

**1.** The statement of facts in the Background is taken, in part, from Plaintiffs complaint, and in part, from City's request for judicial notice. *See* Sections II and III, *infra.*

C. Ordinance No. 856, repealing Chapter 17.60 of the Beaumont Municipal Code and adopting Ordinance Chapter 17.61 of the Beaumont Municipal Code.

D. Chapter 17.70 of the Beaumont Municipal Code.

■ Plaintiffs requested that this court take judicial notice of the City's Director of Planning's July 8, 2003, Staff Report on Conditional Use Permit No. 03–CUP–06.

The court grants both Defendants' and Plaintiffs' requests.

### III.

### ANALYSIS

#### A. Legal Standard Governing a Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal can be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). A court may not consider evidence outside the pleadings in connection with a motion to dismiss under Rule 12(b)(6), except for matters of which it takes judicial notice. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003). A complaint should be dismissed if the plaintiff cannot prove any set of facts to support a claim that would merit relief. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir.2004).

#### B. Discussion

#### 1. Mootness—Declaratory and Injunctive Relief

■ Generally, a federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (citation omitted). The basic question in determining mootness is whether effective relief can be granted. *See Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988) (citations omitted). Courts have found effective relief can be granted where the defendant's conduct constitutes an allegedly illegal practice and the defendant voluntarily ceases such conduct but is free to resume it at any time. *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir.1994) (citations omitted). However, a statutory change by the legislative body of a defendant public entity usually renders a case moot even if the legislature has the power to "reenact the statute after the lawsuit is dismissed." *Id.* Therefore, as a general rule, if a challenged law is repealed or expires, the case becomes moot. *See id.* (citing *Burke v. Barnes*, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987) (bill expired during pendency of appeal, rendering moot question of whether president's pocket veto prevented bill from becoming law); *United States Dep't of Treasury v. Galioto*, 477 U.S. 556, 559–60, 106 S.Ct. 2683, 91 L.Ed.2d 459 (1986) (amendment to federal statute rendered case moot); *Kremens v. Bartley*, 431 U.S. 119, 129, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) (statute providing for commitment of minors repealed, rendering case of named appellants moot); *Bunker Ltd. P'ship v. United States*, 820 F.2d 308, 312 (9th Cir.1987) (new legislation which su-

perseded prior law rendered arguments based on superseded law moot)).

City contends that Plaintiffs' claims for declaratory and injunctive relief are moot because the challenged sign ordinance has been repealed and a new and different ordinance has been enacted by City. Ordinance No. 856 superceded Chapter 17.60. City asserts that Plaintiffs' requested relief that the court invalidate and enjoin enforcement of Chapter 17.60, which no longer is in force, is moot. *Native Vill. of Noatak*, 38 F.3d at 1509. For the court to declare Chapter 17.60 invalid and to enjoin its enforcement would be an idle judicial act because the City is no longer enforcing it. To adjudicate the constitutionality of Chapter 17.60 would conflict with the Court's holding in *Church of Scientology*, which prohibits opinions upon moot questions. 506 U.S. at 12, 113 S.Ct. 447.

Plaintiffs argue that its claims for declaratory and injunctive relief are not moot because City failed to demonstrate that its unconstitutional conduct will not recur. Plaintiffs cite two Supreme Court cases in support of its position: *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982) and *Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 661, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). Contrary to Plaintiffs' interpretation of these two cases, courts have interpreted these cases as standing for the proposition that a challenge to a repealed statute should not be dismissed on standing grounds where there is evidence that the repeal was not genuine. *Federation of Advertising, Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir.2003). In *Aladdin's Castle*, although the City had repealed the challenged ordinance, the Court declined to find the case moot because the City announced to the Court its intention to reenact the provision if the case was dismissed. *Id.*; 455 U.S. at 289 n. 11, 102 S.Ct. 1070. Similarly, in *Northeastern Florida*, the Court held that repeal did not moot the case because the City already replaced the repealed ordinance with one that was substantially similar, causing the Court to conclude "there is no mere risk that Jacksonville will repeat its allegedly wrongful conduct; it has already done so." *Id.*; 508 U.S. at 662.

■ The Ninth Circuit expressly adopted a narrow interpretation of *Aladdin's Castle* and *Northeastern Florida* in *Native Village of Noatak*. In *Native Village of Noatak*, the Ninth Circuit wrote that exceptions to the general rule—if a challenged law is repealed or expires, the case becomes moot—"are rare and typically involve situations where it is *virtually certain* that the repealed law will be reenacted." 38 F.3d at 1509 (emphasis added). Therefore, this court disagrees with Plaintiffs' legal position that this case is justiciable because City failed to demonstrate that its unconstitutional conduct will not recur. *Native Village of Noatak* states the opposite: it must be "virtually certain" that the repealed law will be reenacted for the case to not become moot.

Even if the court were persuaded that *Aladdin's Castle* and *Northeastern Florida* are more on point than *Native Vill. of Noatak* and require City to demonstrate that its unconstitutional behavior will not recur, the pleadings do not suggest that City would reenact Chapter 17.60. Plaintiffs have not presented any evidence indicating such. Because City's new sign ordinance, Ordinance No. 856, completely prohibits new billboards, it is unlikely that City would reenact Chapter 17.60 because City passed Ordinance No. 856 in response to a variety of problems including: (1) illegal billboards installed in City and neighboring cities; (2) driver safety; (3) property values; (4) the need for a com-

prehensive system of sign regulation that City previously lacked; and (5) an anticipated regional commercial development at the location at issue. *Cf. Aladdin's Castle*, 455 U.S. at 289, 102 S.Ct. 1070 (municipality announced that it would repeal the ordinance if the case was dismissed). Moreover, Ordinance No. 856 does not contain the same alleged constitutional infirmities as Chapter 17.60 because it completely prohibits new billboards. *Cf. Northeastern Florida*, 508 U.S. at 661, 113 S.Ct. 2297 (superceding ordinance was substantially similar as repealed ordinance). This prohibition removed vagueness from the ordinance and discretion from City employees.[2] Thus, the court will grant City's motion to dismiss Plaintiffs' claims for injunctive and declaratory relief, for lack of jurisdiction, because they are moot. *See e.g.*, U.S. Const., art. III, § 2, cl. 1; *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *In re Grand Jury Investigation No. 78–184*, 642 F.2d 1184, 1193 (9th Cir.1981) ("Having concluded that the issue is moot due to the subsequent disclosure of grand jury materials, it follows that this court lacks subject-matter jurisdiction because no viable 'case or controversy' is presented to us").

## 2. Mootness—Damages

Plaintiffs claim that even if their claims for declaratory and injunctive relief are moot, their claim for damages is not. The Supreme Court articulated this principle in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In *Buckhannon*, petitioners sought an award of attorney fees as the prevailing party under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Defendants attempted to unilaterally moot the action by certain conduct before judgment in an effort to avoid an award of attorney's fees. The Court stated that a defendant's change in conduct will not moot a case where the plaintiff had a cause of action for damages. However, the Court held that attorney fees were precluded since: (1) petitioners could not be deemed the prevailing party; and (2) there was no alteration in the legal relationship of the parties and no judgment in favor of petitioners was entered. Like the petitioners in *Buckhannon*, Plaintiffs' argument turns on whether there was some event in their relationship with City that grants them rights, the violation of which may entitle them to damages. In terms of permits for land use, a party may be entitled to damages if they have vested property rights which are detrimentally affected by a public agency's unconstitutional application of its law.

■■■ State law governs vesting of property rights in the context of government permits for land use. *Lakeview Dev. Corp. v. South Lake Tahoe*, 915 F.2d 1290, 1295 (9th Cir.1990) (rejecting plaintiffs' suggestion that federal law governs the issue of vested rights). In California, "the mere application for a permit confers no vested property interest in the applicant." *Contra Costa Theatre, Inc. v. Concord*, 511 F.Supp. 87, 89 (N.D.Cal.1980) (citing *Stoddard v. Edelman*, 4 Cal.App.3d 544, 84 Cal.Rptr. 443 (1970)). More specifically, the California Supreme Court has explicitly stated in the context of billboards that a party's due process rights begin "once a permit has been issued." *Traverso v. People ex rel. Dept. of Transp.*, 6 Cal.4th 1152,

---

**2.** Plaintiffs' also argue that City's new sign ordinance is constitutionally infirm. However, the court will not address this issue be- cause that ordinance is not the subject of this action.

26 Cal.Rptr.2d 217, 864 P.2d 488, 493 (1993).

Plaintiffs argue that this court should be persuaded otherwise by *Horizon Outdoor, LLC v. City of Indus.,* 228 F.Supp.2d 1113 (C.D.Cal.2002). In *Horizon Outdoor,* on facts similar to this case, the court wrote, "Based on the law in existence at the time the permit applications were submitted, Plaintiffs have obtained vested rights to post signs." *Id.* at 1121. This case does suggest support for Plaintiffs' position. However, the court is not persuaded by *Horizon Outdoor* because it relies on Florida cases which based their holdings on Florida law. For example, in *Wilton Manors St. Sys. v. City of Wilton Manors,* 2000 WL 33912332, 2000 U.S. Dist. LEXIS 22143 (D.Fla.2000), on facts similar to this case, the court found plaintiff had vested rights when it applied for a billboard permit. However, this holding is based on the Florida plaintiff's argument that *"under Florida law* it acquired vested rights to construct the billboards when it applied for permits with the City...." (emphasis added). *See also Fla. Outdoor Adver., L.L.C. v. City of Boynton Beach,* 182 F.Supp.2d 1201, 1212 (D.Fla.2001).

 It is this court's view that it must apply, as stated above, the California law, which provides that billboard erection rights do not vest until a permit for such issues and the permittee substantially relies on it by certain action. Neither the pleadings nor the matters judicially noticed suggest that this circumstance occurred. Indeed, to the contrary, it is clear from the complaint that City did not issue a billboard permit to Plaintiffs. Consequently, the court concludes, as a matter of law, that the application of the challenged sign ordinance by City did not vest any property rights in Plaintiffs, the violation of which support a claim for damages.

Thus, Plaintiff's claim for damages is moot. The court will grant City's motion to dismiss Plaintiffs' claim for damages, for lack of jurisdiction.[3] *See Rice,* 404 U.S. at 246, 92 S.Ct. 402.

## IV.

## DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT:

(1) Defendant City's Motion to Dismiss the Complaint is GRANTED for lack of jurisdiction; and

(2) This action is dismissed.

---

**3.** Because the court will dismiss this action for lack of jurisdiction due to mootness of all claims, it need not address City's *res judicata* argument.