**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted January 18, 2006
Decided January 20, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| ST. PAUL GUARDIAN INSURANCE COMPANY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| **No.** 05-3252 **v.** | |
| BAIRD & WARNER HOLDING COMPANY, BAIRD AND WARNER RESIDENTIAL SALES, INCORPORATED, and BAIRD & WARNER REAL ESTATE, *Defendants-Appellees*. | No. 05 C 9997 Amy J. St. Eve, *Judge*. |

**Order**

St. Paul Guardian Insurance Company asked the district court to issue a declaratory judgment that its policy does not require it to defend or indemnify Baird and Warner in two cases that, at the time the action was filed, were pending in state court. (There are several related insureds, to which we refer collectively as Baird and Warner.) The federal judge dismissed for want of jurisdiction, deeming the stakes inadequate to satisfy the $75,000 minimum for diversity litigation, and St. Paul has appealed.

While the appeal was pending, both state cases were wrapped up. One was dismissed with prejudice and the other without

(though apparently under circumstances that make it impossible to re-file). Both of the plaintiffs in the state proceedings already have been dismissed as parties to this appeal. Now Baird and Warner asks us to dismiss the appeal as moot. It represents that, even if the state litigation should be reinstated, it will never call on St. Paul to defend or indemnify it with respect to these two claims.

The end of the state suits, coupled with Baird and Warner's representation, means that there is no ongoing controversy about the insurer's duty to defend and indemnify. The right step, however, is to vacate the district court's judgment and remand with instructions to dismiss the suit, not to dismiss the appeal. See *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *Bureau of Alcohol, Tobacco & Firearms v. Galioto*, 477 U.S. 556 (1986). See also *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994) (vacatur appropriate if prevailing party in the district court procured mootness unilaterally).

St. Paul asks us to direct the district judge to enter judgment in its favor. It thinks that a judgment would be more reliable than its client's assurances. That gets the cart before the horse, however; a federal court cannot enter a judgment on the merits when there is no remaining controversy; even if there is a controversy, a judgment would be improper if the dispute is worth less than $75,000. Unless the state cases should come back to life, and Baird and Warner reneges on its word, there is no controversy. If Baird and Warner attempts to renege on a promise solemnly made to a court, it will have more than a declaratory-judgment action on its hands. That it would take such a risk is too remote a likelihood to keep this dispute alive.

St. Paul observes that, if it became the victor, it would be entitled to an award of costs, but a desire to obtain such an award does not justify resolution of the merits. See, e.g., *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107-08 (1998); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990); *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986). St. Paul did not recover its costs because it was not the prevailing party in the district court, and mootness would not make it so.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss as moot.