NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 10, 2007
Decided October 2, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1240

IN RE:
GREGORY A. THOMPSON and
SUZANNE A. THOMPSON,

     *Debtors-Appellees,*

APPEAL OF:
NANCY J. GARGULA,
United States Trustee,

Appeal from the United States
District Court for the
Southern District of Indiana,
Indianapolis Division.

No. 06 C 1033

Larry J. McKinney, *Chief Judge*.

**O R D E R**

     Although it takes two to tango, it only takes one to make an appeal. And so it is in this case where the appeal is unopposed. And one would think that the chances of winning an appeal are pretty good when no one is arguing in opposition. But, as this case proves, even unopposed appeals are sometimes losers.

     The facts are simple. On March 15, 2006, Gregory and Suzanne Thompson filed a joint petition under Chapter 13 of the bankruptcy code. The next day, the bankruptcy court determined that the Thompsons failed to comply with the pre-filing "credit counseling requirement" set out in § 109(h) of the recently enacted Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005 (BAPCPA) which took effect on October 17, 2005.  Upon that determination, the court struck the petition and closed the case.

The U.S. Trustee then filed a motion to reconsider, contending that the court erred by "striking the petition."  Instead, the Trustee said the case should have been dismissed.  The bankruptcy court denied reconsideration and the Trustee appealed to the district court which, in a 4-page order signed by Chief Judge Larry J. McKinney on April 4, 2006, affirmed.  This appeal followed.

We heard arguments on this case on September 10, 2007.  Subsequently, we entered an order directing the Trustee to file a statement "explaining why her appeal is not moot."  She has done so, but we are unconvinced--this appeal is moot.

The difference between what the bankruptcy court (backed by the district court) did-- strike the petition--and what the Trustee wants–a dismissal of the petition--is found in an amended section (362) of the BAPCPA which limits the application of the code's "automatic stay," where, in a previous year, a debtor's case has been "dismissed."  So, if the bankruptcy court had "dismissed" the Thompson's petition on March 16, 2006, rather than strike it as it did, they would be precluded from obtaining an automatic stay for a subsequent filing until March 16, 2007.  Because that period has passed, we conclude that this appeal is moot.

Accordingly, the judgment must be VACATED and the case REMANDED to the district court with instructions to dismiss as moot.  The unreviewable decision of the district court will have no collateral consequences.  See Department of the Treasury v. Galioto, 477 U.S. 556 (1986); United States v. Munsingwear, Inc., 340 U.S. 36 (1950).

SO ORDERED.