NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided May 23, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2171

| | |
|---|---|
| CHARLIE HERBST, | Appeal from the United States District |
|     *Petitioner-Appellant,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:09cv143 |
| MARK R. SEVIER, | |
|     *Respondent-Appellee.* | James T. Moody, *Judge*. |

## O R D E R

In a prison disciplinary action, Charlie Herbst, a former Indiana state prisoner, admitted that he provided "a little legal work" to another inmate, whose family then sent a money order to Herbst. He was found to have violated a policy of the Indiana Department of Corrections prohibiting inmates from "giving to or accepting from any person anything of value without proper authorization." IND. DEP'T OF CORR., NO. 02-04-101 app. I, MANUAL OF POLICIES AND PROCEDURES (2004). At first the Department sanctioned Herbst with a loss

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

of good-time credit and a written reprimand, but it suspended the good-time sanction after an internal appeal, and because the suspended sanction expired after six months, the Department never imposed the sanction. After exhausting his administrative remedies, Herbst petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the disciplinary determination was supported by insufficient evidence to comport with due process. He contends that the disciplinary determination inevitably lengthened his period of confinement by disqualifying him from receiving a good-time credit for completing his associate's degree. He cites the Department's manual and a corresponding Indiana statutory provision, under which he contends that the prison "may" grant to inmates one year of good-time credit for receiving the degree if they have "one (1) year clear of two (2) or more Class B conduct reports at the time of program completion." IND. DEP'T OF CORR., NO. 01-04-101, MANUAL OF POLICIES AND PROCEDURES (2009); IND. CODE § 35-50-6-3.3.

The district court denied Herbst's petition after concluding that the disciplinary violation could not have prolonged his confinement, citing two other class B offenses that disqualified him from the education-based credit. Alternatively, the court concluded that the disciplinary determination rested on sufficient evidence to comply with the demands of due process.

We requested supplemental memoranda concerning whether Herbst's case is now moot. Our initial review showed that he was released from prison in September 2010, and the original record did not mention if Herbst continued to suffer collateral consequences from his disciplinary conviction. *See Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004); *White v. Ind. Parole Bd.*, 266 F.3d 759, 762-63 (7th Cir. 2001).

Herbst's petition is moot. Article III of the federal constitution limits the jurisdiction of the federal courts to hearing cases or controversies that remain "live" throughout the lawsuit. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). Herbst's parole supervisor explains in an affidavit that his office "discharged [Herbst] from parole on October 12, 2010, and that Mr. Herbst is no longer under the supervision of this office." Herbst does not dispute that he is no longer in custody.  He contends, nonetheless, that his case remains live because the disciplinary conviction disqualified him from receiving good-time credits for obtaining his associates degree, and those credits might have ended his incarceration a year earlier. But he concedes that the prison manual and state statute provide only that he "may" receive credits for obtaining his degree. *See* Appellant's Br. 2 (citing IND. CODE § 35-50-6-3.3 and IND. DEP'T OF CORR., NO. 01-04-101, MANUAL OF POLICIES AND PROCEDURES (2009)); Appellant's Suppl. Mem. 1-2. The mere possibility that his sentence "may" have been shortened had Herbst been eligible to receive discretionary credits does not revive his case because only decisions that "inevitably

affect the duration of his sentence," *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996), are actionable.

Because Herbst cites no other reason that the controversy over his disciplinary conviction remains "live" despite his expired sentence, the judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss it as moot. *See, e.g.*, *Department of the Treasury v. Galioto*, 477 U.S. 556 (1986); *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).