# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 27, 2012 Session

## JAMES MICHAEL PYLANT ET AL. v. BILL HASLAM, GOVERNOR OF THE STATE OF TENNESSEE

### Appeal from the Chancery Court for Davidson County
### No. 1189-III     Ellen H. Lyle, Chancellor

### No. M2011-02341-COA-R3-CV - Filed September 11, 2012

Petitioners appeal from the dismissal of their complaint for declaratory relief, injunctive relief, and damages wherein they challenged the constitutionality of a now superseded section of the Tennessee Bail Reform Act, Tennessee Code Annotated § 40-11-118(a). Petitioners contended that the 2011 statute prohibited night court judges or magistrates from setting bail for persons charged with a second or higher driving under the influence violation, thus requiring they be confined until a general sessions court judge or criminal court judge was available. The trial court dismissed the claims for declaratory and injunctive relief on the grounds of res judicata and collateral estoppel and dismissed the claim for monetary damages against Governor Bill Haslam upon the ground of sovereign immunity. We find the challenge to the constitutionality of the 2011 version of subsection (a) moot as the challenged provisions of subsection (a) have been deleted and superseded. We also affirm the dismissal of the claims against Governor Haslam for monetary damages as he has sovereign immunity.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and JEFFREY S. BIVINS, SP. J., joined.

Mark J. Downton, Nashville, Tennessee, for the appellants, James Michael Pylant and William Samuel Lewis.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; and Pamela S. Lorch, Senior Counsel, for the appellee, Bill Haslam, Governor of the State of Tennessee.

**OPINION**

James Michael Pylant and William Lewis (collectively "Petitioners") filed this action to challenge the constitutionality of a now superseded provision of the Tennessee Bail Reform Act, Tennessee Code Annotated § 40-11-118(a), which became effective on January 1, 2011.

Pylant filed this action on January 25, 2011, against Governor Bill Haslam in his official capacity, seeking a declaration that Tennessee Code Annotated § 40-11-118(a) as amended was unconstitutional under the United States and Tennessee Constitutions, and attorney's fees and litigation costs pursuant to 42 U.S.C. § § 1988, 1983 and 28 U.S.C. § 1920. The complaint alleged that subsection (a) of § 40-11-118 violated procedural and substantive due process rights guaranteed by the U.S. Constitution, due process rights guaranteed by the Tennessee Constitution, and the constitutional right to bail under article I, section 15 of the Tennessee Constitution, and alleged that the law was unconstitutionally vague and violated constitutional protections against double jeopardy.

The action arose following the arrest of Petitioners for driving under the influence charges. Pylant was arrested for DUI-Second Offense on January 16, 2011. He was brought before a magistrate that night and was denied bail based upon the recent amendment. Pylant remained incarcerated until January 19, 2011, when he received a hearing before a criminal circuit court judge obtained by his filing of a Petition for Writ of Certiorari and Supersedeas. At the hearing, the judge set Pylant's bail and ordered his release subject to monitoring by a transdermal monitoring device. Lewis, who was added as a petitioner in an Amended Complaint filed on February 25, 2011, was arrested for DUI-Second Offense on January 7, 2011, and remained incarcerated until January 12, 2011, when he plead guilty to his charges.[1]

Defendant filed a Tennessee Rule of Civil Procedure 12.01(1) and (6) motion to dismiss contending that the court lacked subject matter jurisdiction and that Petitioners failed to state a claim because § 1983 does not provide a forum for alleged violations of the Tennessee Constitution, Petitioners lacked standing to bring a suit for declaratory and injunctive relief as there was no ongoing controversy, and Governor Haslam in his official capacity is not a "person" as defined by § 1983. Petitioners filed a response.

In June 2011, the trial court issued a Memorandum and Order in which it stated that based upon research of the issue of standing, which was not raised by Defendant in its initial motion to dismiss, it believed that res judicata and collateral estoppel were at issue in the

_____

[1]Petitioners were also charged with Driving While License Revoked and Violation of the Implied Consent Law.

action and requested the parties to brief those issues. Petitioners filed a supplemental brief. On July 27, 2011, the trial court issued a second Memorandum and Order, in which it found that Petitioner Lewis's claims should be dismissed in their entirety and Petitioner Pylant's claims should be dismissed in part on the grounds of res judicata and collateral estoppel because Pylant's claims and issues were decided in the petition for writ of certiorari action before the criminal court and Lewis's claims could have been raised and decided before the criminal court but were not. The trial court based its decision in part on documents attached by Defendant to their memorandum in support of their motion to dismiss. The Memorandum and Order left Pylant's claim for damages pending. The trial court denied Defendant's motion to dismiss on the ground of sovereign immunity. Defendant then filed a motion to alter or amend the judgment seeking to dismiss the remaining claim for damages. On September 28, 2011, the trial court issued a memorandum and order dismissing the claim for damages finding that Governor Haslam had sovereign immunity from claims arising under 42 U.S.C. § 1983 for monetary damages.[2]

## ANALYSIS

On appeal, Petitioners contend the trial court erred in dismissing their claims challenging the constitutionality of Tennessee Code Annotated § 40-11-118(a), as amended in 2010. In their reply brief, Petitioners acknowledge that they cannot recover real monetary damages against the Governor in his official capacity, but argue they can proceed under the Tennessee Declaratory Judgment Act and 42 U.S.C. § 1983 for a declaration that the statute is unconstitutional, for nominal damages, and for injunctive relief from the application or enforcement of Tennessee Code Annotated § 40-11-118(a). Defendant, Governor Bill Haslam in his official capacity, contends Petitioners lack standing, their claims are barred by the doctrines of res judicata and collateral estoppel, and their claims for monetary damages against the governor are barred by sovereign immunity.

The version of Tennessee Code Annotated § 40-11-118, which served as the basis for Petitioners' claims is set forth below. It was enacted by 2010 Tenn. Pub. Act. Ch. 867 and had an effective date of January 1, 2011. The statute provided:

> (a) Any defendant for whom bail has been set may execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money in cash equal to the amount of the bail. Upon depositing this sum, the defendant shall be released from custody subject to the conditions of

---

[2]Although it is not germane to the issues presented for our review in this declaratory judgment action, we acknowledge that Petitioners' claims pertain to a brief practice employed by the night court judges or magistrates of Davidson County, a practice that was stopped prior to the commencement of this action.

the bail bond. Bail shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required. If the defendant has one (1) or more prior convictions for § 39-13-106, § 39-13-213(a)(2) or § 55-10-401, *the defendant shall not be released unless the court first determines the defendant is not a danger to the community*. The court may consider the use of monitoring devices to eliminate danger to the community, including but not limited to:

(1) Ignition interlock devices;
(2) Transdermal monitoring devices or other alternative alcohol monitoring devices;
(3) Electronic monitoring with random alcohol or drug testing; or
(4) Pretrial residency in an in-patient alcohol or drug rehabilitation center.

Tenn. Code Ann. § 40-11-118(a).[3]

In their amended complaint, Petitioners allege that the statute as amended was a violation of their constitutional rights because individuals charged with second (or higher) DUI offenses were ineligible for release, their release would only be obtained upon "proof of a negative" i.e. that the person was no longer a danger to the community, and the statute allowed the court setting bond to impose "highly restrictive" and "expensive" bond conditions.

Pertinent to this appeal, is 2011 Tennessee Public Act Chapter 487, which amended subsection (a) of § 40-11-118 as of July 1, 2011, by deleting the fourth and fifth sentences of that subsection, thereby eliminating the requirement that the defendant shall not be released unless a determination was made that the person was no longer a danger to the community. The amended statute, which became effective July 1, 2011, now reads:

(a) Any defendant for whom bail has been set may execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money in cash equal to the amount of the bail. Upon depositing this sum, the defendant shall be released from custody subject to the conditions of

---

[3]This version of the statute was enacted in 2010, and was effective from January 1, 2011, until July 1, 2011, when a new version enacted by 2011 Tennessee Public Act Chapter 487, went into effect.

the bail bond. Bail shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required.

Tenn. Code Ann. § 40-11-118(a).[4]

2011 Public Act 487 also amended § 40-11-118(d) to provide that:

(d)(1) When the court is determining the amount and conditions of bail to be imposed upon a defendant, the court shall consider the use of special conditions for the defendant, including, but not limited to, the conditions set out in subdivision (d)(2), if the defendant is charged with a violation of § 39-13-106, § 39-13-213(a)(2), § 39-13-218 or § 55-10-401, and the defendant has one (1) or more prior convictions for a violation of § 39-13-106, § 39-13-213(a)(2), § 39-13-218 or § 55-10-401.

(2) The special conditions the court shall consider pursuant to subdivision (d)(1) are:

(A) The use of ignition interlock devices;
(B) The use of transdermal monitoring devices or other alternative alcohol monitoring devices;
(C) The use of electronic monitoring with random alcohol or drug testing; or
(D) Pretrial residency in an in-patient alcohol or drug rehabilitation center.

The above became effective July 1, 2011.

"Cases must be justiciable not only when they are first filed *but must also remain justiciable throughout the entire course of the litigation, including the appeal.*" *McIntyre v.*

---

[4]The two sentences deleted by the 2011 amendment read:

If the defendant has one (1) or more prior convictions for § 39-13-106, § 39-13-213(a)(2) or § 55-10-401, the defendant shall not be released unless the court first determines the defendant is not a danger to the community. The court may consider the use of monitoring devices to eliminate danger to the community, including but not limited to:
(1) Ignition interlock devices;
(2) Transdermal monitoring devices or other alternative alcohol monitoring devices;
(3) Electronic monitoring with random alcohol or drug testing; or
(4) Pretrial residency in an in-patient alcohol or drug rehabilitation center.

*Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990); *Kremens v. Bartley,* 431 U.S. 119, 128–29 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984)) (emphasis added). Mootness deals with the circumstances that render a case no longer justiciable. *Id*. (citing *Davis v. McClaran*, App. No. 01–A–01–9304–CH–00164, 1993 WL 523667, at *2 (Tenn. Ct. App. Dec. 10, 1993) ("[m]ootness is a doctrine of justiciability"); *Federal Practice and Procedure* § 3533, at 211).

A case becomes moot when it "has lost its character as a present, live controversy." *Id*. (citing *McCanless v. Klein*, 188 S.W.2d 745, 747 (1945); *Krug v. Krug*, 838 S.W.2d 197, 204 (Tenn. Ct. App. 1992); *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985)). "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id*. (citing *Federal Practice and Procedure* § 3533.3, at 261). "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." *Id*. (citing *Church of Scientology v. U.S.*, 506 U.S. 9 (1992); *Knott v. Stewart County*, 207 S.W.2d 337, 338–39 (Tenn. 1948); *Massengill v. Massengill*, 255 S.W.2d 1018, 1019 (Tenn. Ct. App. 1952)). There are exceptions to the mootness rule, with the two most common exceptions being: (1) issues of great public interest and importance to the administration of justice, and (2) issues capable of repetition yet evading review. *Id*. (citing *LaRouche*, 709 S.W.2d at 587; *Walker v. Dunn*, 498 S.W.2d 102, 104 (Tenn. 1972); *New Rivieria Arts Theatre v. State ex rel. Davis*, 412 S.W.2d 890, 893 (Tenn. 1967)).

The statute which Petitioners seek to have declared unconstitutional is no longer in effect. 2011 Tennessee Public Act Ch. 487, amended Tennessee Code Annotated § 40-11-118 dramatically changing and removing the language serving as the basis for Petitioners' constitutional challenge. Thus, we find that there is no longer a "present, live controversy" for review by this court as there is no basis for a court to enjoin the enforcement of a statute that is no longer in effect. Additionally, as the statute is no longer in effect we find that this action does not fit into one of the exceptions to the mootness rule. Further, as we noted previously, Petitioners acknowledge that they cannot recover real monetary damages against the Governor in his official capacity. The only relief sought was under the Tennessee Declaratory Judgment Act and 42 U.S.C. § § 1983, 1988 for a declaration that the statute is unconstitutional and for nominal damages resulting from that declaration. Because the issues are moot, such relief is unavailable.

"The ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment and remand the case with directions that it be dismissed." *Id*. (citing *Lewis*, 494 U.S. at 482; *U.S. Dep't of Treasury v. Galioto*, 477 U.S. 556, 560 (1986)). As this case was dismissed by the trial court and this is an appeal from that dismissal, we simply affirm the dismissal of the trial court.[5]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellants.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]We have affirmed the trial court's decision to dismiss, although on different grounds. *City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.").