PER CURIAM Opinion; Concurrence by Judge O’SCANNLAIN.
*1165 OPINION
PER CURIAM:
We are called upon to decide whether the congressionally enacted “Don’t Ask, Don’t Tell” policy respecting homosexual conduct in the military is unconstitutional on its face.
I
A
In 1993, Congress enacted the policy widely known as Don’t Ask, Don’t Tell. The policy generally required that a service member be separated from the military if he had engaged or attempted to engage in homosexual acts, stated that he is a homosexual, or married or attempted to marry a person of the same sex. 10 U.S.C. § 654(b) (repealed); see, e.g., Dep’t of Def. Instructions 1332.14, 1332.30 (2008).
The nonprofit corporation Log Cabin Republicans brought this suit in 2004, challenging section 654 and its implementing regulations as facially unconstitutional under the due process clause of the Fifth Amendment, the right to equal protection guaranteed by that Amendment, and the First Amendment right to freedom of speech. Log Cabin sought a declaration that the policy is facially unconstitutional and an injunction barring the United States from applying the policy. The district court dismissed the equal protection claim under Witt v. Department of the Air Force, 527 F.3d 806 (9th Cir.2008) (upholding section 654 against a facial equal protection challenge), but allowed the due process and First Amendment challenges to proceed to trial.
After a bench trial, in October 2010 the district court ruled that section 654 on its face violates due process and the First Amendment. The court permanently enjoined the United States from applying section 654 and its implementing regulations to anyone. The United States appealed; Log Cabin cross-appealed the dismissal of its equal protection claim.
B
While the appeal was pending, Congress enacted the Don’t Ask, Don’t Tell Repeal Act of 2010, Pub.L. No. 111-321, 124 Stat. 3515 (2010) (“Repeal Act”). That statute provides that section 654 would be repealed 60 days after: (1) the Secretary of Defense received a report determining the impact of repealing section 654 and recommending any necessary changes to military policy, and (2) the President, Secretary of Defense, and Chairman of the Joint Chiefs of Staff certified that they had considered the report’s recommendations and were prepared to implement the repeal consistent with military readiness, military effectiveness, and unit cohesion. Repeal Act § 2(b). The Repeal Act left section 654 in effect until the prerequisites to repeal were satisfied and 60 days had then passed.
The report was issued November 30, 2010, and certification occurred July 21, 2011. Section 654 was thus repealed September 20, 2011.
II
A
Because section 654 has now been repealed, we must determine whether this case is moot. “[I]t is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment” is under review. Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987). Article III of the United States Constitution “requires that there be a live case or controversy at the time that” a reviewing federal court decides the case. Id.
*1166 Applying that limitation, the Supreme Court and our court have repeatedly held that a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language. In determining whether a case has become moot on appeal, the appellate court “review[s] the judgment below in light of the ... statute as it now stands, not as it ... did” before the district court. Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969) (per curiam); see Burke, 479 U.S. at 363, 107 S.Ct. 734.
In Hall v. Beals, for example, the Supreme Court deemed moot a challenge to a six-month residency requirement imposed by Colorado for eligibility to vote in the 1968 presidential election. 396 U.S. at 46-48, 90 S.Ct. 200. After the district court rejected the challenge and the Supreme Court noted probable jurisdiction, the Colorado legislature reduced the residency requirement to two months, which the plaintiffs would have met at the time of the 1968 election. Id. at 47-48, 90 S.Ct. 200. The case was moot because, “under the statute as ... written” when the Supreme Court reviewed the district court’s judgment, “the appellants could have voted in the 1968 presidential election.” Id. at 48, 90 S.Ct. 200. Similarly, in United States Department of the Treasury v. Galioto, after the Supreme Court had noted probable jurisdiction to review a ruling that federal firearms legislation unconstitutionally singled out mental patients, the case became moot because Congress amended the statute to remove the challenged language. 477 U.S. 556, 559-60, 106 S.Ct. 2683, 91 L.Ed.2d 459 (1986). And in Burke v. Barnes, where several congressmen challenged the President’s attempt to “pocket-veto” a bill, the Supreme Court deemed the case moot because the bill expired by its own terms before the Court could rule on the case. 479 U.S. at 363, 107 S.Ct. 734. As in cases dealing with repealed legislation, the Court “analyze[d] th[e] ease as if [the plaintiffs] had originally sought to litigate the validity of a statute which by its terms had already expired.” See id.
Following the Court’s lead, we have routinely deemed cases moot where “a new law is enacted during the pendency of an appeal and resolves the parties’ dispute.” Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1181 (9th Cir.2006) (Qwest’s challenge to ordinances rendered moot by amendment exempting Qwest from ordinances); see Chem. Producers & Distribs. Ass’n v. Helliker, 463 F.3d 871, 875-78 (9th Cir.2006) (case moot where amendment eliminated challenged part of pesticide registration law); Martinez v. Wilson, 32 F.3d 1415, 1419-20 (9th Cir.1994) (case moot where, after injunction was issued, statute was amended to eliminate challenged factors used by the State of California in distributing funds under the Older Americans Act). Under these precedents, when a statutory repeal or amendment gives a plaintiff “everything [it] hoped to achieve” by its lawsuit, the controversy is moot. Helliker, 463 F.3d at 876.
This suit became moot when the repeal of section 654 took effect on September 20. If Log Cabin filed suit today seeking a declaration that section 654 is unconstitutional or an injunction against its application (or both), there would be no Article III controversy because there is no section 654. The repeal, in short, gave Log Cabin “everything” its complaint “hoped to achieve.” Helliker, 463 F.3d at 876. There is no longer “a present, live controversy of the kind that must exist” for us to reach the merits. Hall, 396 U.S. at 48, 90 S.Ct. 200.
B
Log Cabin concedes that “the injunctive relief awarded by the district court [has] *1167 become moot” due to the repeal, but contends that its quest for declaratory relief is live under either of two exceptions to mootness.
 We are not persuaded. When a statutory repeal or amendment extinguishes a controversy, the case is moot. There is no exception for declaratory relief. See Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1514 (9th Cir.1994) (“Declaratory relief is unavailable where [a] claim is otherwise moot....”); Pub. Utils. Comm’n of State of Cal. v. FERC, 100 F.3d 1451, 1459 (9th Cir.1996) (same).
In any event, no exception to mootness applies here. Log Cabin notes that generally “a defendant’s voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.” City of Mesquite v. Aladdin’s Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). But voluntary cessation is different from a statutory amendment or repeal. Repeal is “usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.” Helliker, 463 F.3d at 878. Cases rejecting mootness in such circumstances “are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted.” Id. (emphases omitted); see, e.g., City of Mesquite, 455 U.S. at 289 & n. 11, 102 S.Ct. 1070 (City admitted that it intended to reenact “precisely the same provision” that it had repealed after the district court’s adverse judgment); Ballen v. City of Redmond, 466 F.3d 736, 741 (9th Cir.2006) (statutory amendment “adopted only as an interim regulation in response to the district court’s summary judgment ruling”); Coral Constr. Co. v. King Cnty., 941 F.2d 910, 928 (9th Cir.1991) (district court had upheld the challenged ordinance, allowing the County to “reenact its earlier ordinance” “without the spectre of a prior finding of unconstitutionality”).
We cannot say with “virtual[] certainly],” Helliker, 463 F.3d at 878, that the Congress that passed the Repeal Act— or a future Congress whose composition, agenda, and circumstances we cannot know — will reenact Don’t Ask, Don’t Tell. We can only speculate, and our speculation cannot breathe life into this case.
A second exception to mootness applies when a party faces “collateral consequences” from a challenged statute even when the statute is repealed. Log Cabin cites several benefits that discharged service members may have lost as a result of their separation. But because these missed benefits are not legal penalties from past conduct, they do not fall within this exception. Qwest, 434 F.3d at 1182; Pub. Utils. Comm’n, 100 F.3d at 1461 (“the collateral consequences must be legal”).
Ill
Having determined that this case is moot, we must “direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.” 28 U.S.C. § 2106.
The “established” practice when a civil suit becomes moot on appeal is to vacate the district court’s judgment and remand for dismissal of the complaint. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Vacatur ensures that “those who have been prevented from obtaining the review to which they are entitled [are] not ... treated as if there had been a review.” Id. It “prevents] an unreviewable decision ‘from spawning any legal consequences,’ so that no party is harmed by what [the Supreme Court has] called a ‘preliminary’ *1168 adjudication.” Camreta v. Greene, — U.S. —, 131 S.Ct. 2020, 2035, 179 L.Ed.2d 1118 (2011) (quoting Munsingwear, 340 U.S. at 40-41, 71 S.Ct. 104).
To be sure, in the rare situation “when mootness[does] not deprive the appealing party of any review to whieh[it] was entitled,” reviewing courts have left lower court decisions intact. Camreta, 131 S.Ct. at 2035 n. 10. Vacatur thus may be unwarranted when the losing party did not file an appeal or settled the case. See id. (citing Karcher v. May, 484 U.S. 72, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), and U.S. Bancorp Mortg. Co. v. Bonner Mall P’ship, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). In each circumstance, the losing party “voluntarily forfeits his legal remedy by the ordinary process[ ] of appeal” and thus “surrender^] his claim to the equitable remedy of vacatur.” U.S. Bancorp, 513 U.S. at 25, 115 S.Ct. 386.
That is not the situation before us. The United States did not forfeit the appellate review to which it was entitled. After the district court entered its judgment and injunction, the United States appealed promptly, moved our court to stay the district court order, filed two merits briefs disputing the judgment and relief ordered, moved to reinstate the stay of the injunction after this court briefly lifted it, filed a letter brief reiterating its arguments against the district court’s judgment and injunction, and at oral argument made clear that it still advances all of its arguments against the district court’s judgment and injunction. Mootness has thus deprived the United States of the review to which it is entitled. Vacatur is proper. See Arizonans for Official English v. Arizona, 520 U.S. 43, 74, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (holding that vacatur was proper because, “when the mooting event occurred,” the Arizona Attorney General was pursuing his “right to present argument on appeal”).
We therefore vacate the judgment of the district court. Burke, 479 U.S. at 365, 107 S.Ct. 734 (vacating and remanding to dismiss complaint); Helliker, 463 F.3d at 880 (same); Martinez, 32 F.3d at 1420. Because Log Cabin has stated its intention to use the district court’s judgment collaterally, we will be clear: It may not. Nor may its members or anyone else. We vacate the district court’s judgment, injunction, opinions, orders, and factual findings' — indeed, all of its past rulings — to clear the path completely for any future litigation. Those now-void legal rulings and factual findings have no precedential, preclusive, or binding effect. The repeal of Don’t Ask, Don’t Tell provides Log Cabin with all it sought and may have had standing to obtain. (We assume without deciding that Log Cabin had standing to seek a declaration that section 654 is unconstitutional and an injunction barring the United States from applying it to Log Cabin’s members. See Arizonans for Official English, 520 U.S. at 66-67, 117 S.Ct. 1055 (court may assume without deciding that standing exists in order to analyze mootness).) Because the case is moot and the United States may not challenge further the district court’s rulings and findings, giving those rulings and findings any effect would wrongly harm the United States.[1]
On remand, the district court will dismiss the complaint forthwith.
VACATED AND REMANDED WITH DIRECTIONS TO DISMISS.

. In light of our disposition, we deny the United States’ Suggestion of Mootness and Motion to Vacate the District Court Judgment filed September 20, 2011.