**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| N. D.; A. U.; M. D.; B. A.; G. S.,<br><br>Plaintiffs,<br><br>and<br><br>C. K.; C. J.; T. F.; J. K., disabled minors, through their parents acting as guardians ad litem,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION,<br><br>Defendant - Appellee. | No. 10-17909<br><br>D.C. No. 1:09-cv-00505-AWT-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
A. Wallace TASHIMA, Senior Circuit Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 14, 2012[]
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Appellants C.K., C.J., T.F., and J.K., disabled minors, appearing through their parents acting as guardians ad litem, appeal the summary judgment to Appellee, the State of Hawaii Department of Education ("Department"), on Appellants' claim under the Individuals with Disabilities Education Act's ("IDEA"), 20 U.S.C. §§ 1400–87, "stay-put" provision, *id.* § 1415(J). Because the history and facts of this case are familiar to the parties, we recount them only to the extent necessary to explain our decision.

This lawsuit arises out of the Department's decision to shut down Hawaii public schools on seventeen Fridays during the 2009-2010 school year. The Department implemented the so-called "furlough Fridays" in order to avoid teacher layoffs in the face of budget cuts. Appellants initially requested due process hearings from the Department regarding potential changes in their respective educational placements that might occur as a result of the furlough program and invoked the IDEA's stay-put provision, which mandates that "the child shall remain in the then-current educational placement of the child," pending any

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenge to a proposed change in his educational placement. *Id.* § 1415(J). When the Department refused to apply the stay-put provision, Appellants sought relief from the United States District Court for the District of Hawaii, asking that it enjoin the commencement of furlough Fridays. The district court denied Appellants' request for injunctive relief, and Appellants appealed. We affirmed the district court's denial of injunctive relief in a published opinion, holding that "Hawaii's teacher furloughs and concurrent shut down of public schools is not a change in the educational placement of disabled children." *N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010).

Following our decision in *N.D.*, the Department moved to dismiss or, in the alternative, for summary judgment, and Appellants moved for a declaratory judgment and permanent injunctive relief. The district court granted the Department's motion, entering summary judgment for the Department on Appellants' IDEA claim and dismissing Appellants' Hawaii Administrative Procedures Act claim. In the instant appeal, Appellants seek relief only on their IDEA claim.[1] We cannot reach the merits of Appellants' appeal, however, as this case is now moot.

---

[1]Plaintiffs N.D., A.U., M.D., B.A., and G.S. have elected not to join in this appeal.

Article III courts lack jurisdiction to "'to decide moot questions or abstract propositions,' because 'moot questions require no answer.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). Accordingly, a live controversy must exist at all times during litigation, including appeal, and not just when the case is filed. *Id.* "A case may become moot after it is filed, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted).

In their First Amended Complaint, Appellants asked the district court to declare that furlough Fridays violated the IDEA's stay-put provision and enter an injunction; they did not seek damages. Hawaii instituted furlough Fridays for the 2009–10 school year. The 2009–10 school year is over, and the Hawaii legislature restored funding for the 2010–11 school year, appropriating $67,000,000 from the Hawaii Hurricane Relief fund. Currently, there is no furlough program in place. Consequently, there is no injunctive relief that this Court could grant and declaratory relief is not available where a claim is otherwise moot. *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1167 (9th Cir. 2011).

We also reject Appellants contention that this case falls within the "capable of repetition yet evading review" exception to the mootness doctrine. This

exception applies if (1) a reasonable expectation exists that the same parties will be subject to the same action, and (2) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration. *Alaska Ctr. for the Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999). Appellants have failed to show "that it is reasonable to expect that the [Department] will engage in conduct that will once again give rise to the allegedly moot dispute." *Id.* at 856 (internal quotation marks omitted).

In June 2010, the Hawaii Legislature passed Act 167, which imposes a mandatory minimum of 180 instructional days on all public schools. Haw. Rev. Stat. § 302A-251(a). It took this step in response to furlough Fridays and the loss of educational time that resulted. *See* 2010 Haw. Sess. Laws, Act 167, § 1 ("[I]n light of the instructional hours lost due to furloughs, the purpose of this Act is to require the phase-in of implementation of a certain number of student instructional hours at all public schools . . . ."). Appellants, however, are unimpressed by Act 167, arguing that the next time a budget crisis occurs nothing would prevent Hawaii from repealing Act 167 and reinstating furloughs. We must, of course, concede that anything is possible, but it does not follow that Appellants have a reasonable expectation that such a series of events will occur. To the contrary, the passage of Act 167 suggests that the Hawaii legislature wishes to avoid ever again

5

subjecting the educational opportunities of its students to the uncertainty of the budgeting process. Therefore, as a result of Act 167 and the mandatory 180 instructional days for which it provides, we find that it is unreasonable to expect that the Department will implement another furlough program.[2]

Because Appellants' case is moot, we vacate the district court's judgment and remand for dismissal of the complaint. *Log Cabin Republicans*, 658 F.3d at 1167.

**VACATED and REMANDED with directions to DISMISS.**

---

[2]We also note that in pressing this appeal, Appellants failed to take notice of our previous decision in *N.D.*, which held that furlough Fridays, as a matter of law, do not constitute a change in any student's educational placement, 600 F.3d at 1116, and explained that any claims concerning the effect of furlough Fridays on any student's individual educational programs were potentially cognizable under a material-failure-to-implement theory pursuant to *Van Duyn v. Baker School District*, 502 F.3d 811 (9th Cir. 2007). *Id.* at 1117.