
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RICHARD ALAN MARSHACK, Chapter 7 Trustee for the bankruptcy estate of Gayle Mullen, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HELVETICA CAPITAL FUNDING LLC, <br><br> Defendant - Appellee. | No. 11-57017 <br><br> Bankr. No. 8:10-bk-26215-RK <br><br> MEMORANDUM[*] |

Appeal from the Bankruptcy Court
for the Central District of California, Santa Ana
Robert N. Kwan, Bankruptcy Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before: FERNANDEZ and BERZON, Circuit Judges, and HERNANDEZ, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Marco A. Hernandez, District Judge for the U.S.
District Court for Oregon, sitting by designation.

Plaintiff-Appellant Richard Alan Marshack, Chapter 7 trustee for the bankruptcy estate of Gayle Mullen, appeals from the bankruptcy court's order April 4, 2011, granting Defendant-Appellee Helvetica Capital Funding LLC's motion for confirmation of termination of the stay with respect to debtor under 11 U.S.C. § 362(c)(3).

He raises two issues: whether the bankruptcy court correctly interpreted 11 U.S.C. § 362(c)(3)(A), and whether published Bankruptcy Appellate Panel ("BAP") decisions are binding on bankruptcy courts in future cases.

We have been advised that during the pendency of this appeal, the Mullen bankruptcy estate has satisfied its obligations to Helvetica Capital and, although the underlying bankruptcy proceedings remain ongoing as to other creditors, there is no longer a live controversy between the parties to this appeal. We therefore lack jurisdiction, as the case is moot. *See Village of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993).

If it determines that a case is moot, an appellate court "must 'direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.'" *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1167 (9th Cir. 2011) (quoting 28 U.S.C. § 2106)). Normally, when a case is mooted during the pendency of an appeal, "vacatur of the

2

lower court decision is appropriate." *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012) (citing *Camreta v. Greene*, — U.S. —, 131 S. Ct. 2020, 2035 (2011)). This rule providing for equitable vacatur, known as "the *Munsingwear* rule," "'prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences.'" *Id.* (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)).

The *Munsingwear* rule may not apply when the "party seeking relief from the judgment below caused the mootness by voluntary action," for instance by entering into a settlement agreement. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994). In determining whether the *U.S. Bancorp* exception to the *Munsingwear* rule applies, the key question is whether "the live case was resolved by the strategic decision of the appealing party rather than mere happenstance." *Masto*, 670 F.3d at 1066. Here, Marshack did initiate the sale of the Huntington Beach property that ultimately mooted the appeal. However, he did so in the ordinary course of his duties as bankruptcy trustee, not with the intention of mooting the case, as evidenced by the fact that he pursued this appeal diligently, sought a ruling on the merits, and did not argue mootness.

Accordingly, we dismiss the appeal as moot and vacate the bankruptcy court's order of April 4, 2011. *See In re Burrell*, 415 F.3d 994, 1000 (9th Cir. 2005); *Munsingwear*, 340 U.S. at 39.

Appeal DISMISSED.