NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-12-1451-MoMkTa |
| | ) | |
| RUTH M. MARROQUIN, | ) | Bk. No.  LA 11-30683-VZ |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RUTH M. MARROQUIN, | ) | **M E M O R A N D U M**[1] |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |

Argued and Submitted on February 21, 2013
at Pasadena, California

Filed - May 22, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

---

Appearances:   William Harold Brownstein, Esq. argued for
Appellant Ruth M. Marroquin.

---

Before:  MONTALI,[2] MARKELL and TAYLOR, Bankruptcy Judges.

Memorandum by Judge Markell
Dissent by Judge Montali

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]  Hon. Dennis Montali, Bankruptcy Judge for the Northern District of California, sitting by designation.

Debtor-Appellant Ruth M. Marroquin ("Marroquin"), whose prior bankruptcy case was dismissed with a bar on future filings absent leave of court, appeals an order denying her request to file a new bankruptcy case. Because Marroquin no longer desires bankruptcy relief, the matter before us is moot and we will dismiss this appeal.

## I. BACKGROUND

Since 2009, Marroquin has filed four bankruptcy petitions. She filed the first case under chapter 7[3] on March 17, 2009, and received a discharge on September 14, 2009. The case was closed on October 5, 2009.

Following the discharge, Marroquin lost her family residence and her investment property, retaining a condominium (the "Condo") in Santa Monica. She filed her second case on April 15, 2010, as a foreclosure sale of the Condo was pending. This chapter 13 case was dismissed on May 24, 2010, for failure to file schedules. In a declaration filed in support of her motion for leave to file a new case, Marroquin stated that she opted not to continue prosecution of this 2010 case because a relative had provided her with funds to cure the arrearages on the loans secured by the Condo and the foreclosure sale had been cancelled.

Marroquin filed her third case (chapter 13) on February 16, 2011, which was dismissed on March 30, 2011, for failure to file schedules. In her declaration in support of her motion for leave

---

[3] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

to file a new case, Marroquin stated that she had provided the required documentation to her attorney, Siamek Nehoray ("Nehoray"), but he failed to file it. Nehoray informed her of his error and thereafter filed another chapter 13 case on May 12, 2011. Nehoray timely filed the plan, schedules and other required documents, but did not file a motion to value the liens on the Condo.

On May 20, 2011, the chapter 13 trustee served on Marroquin and her counsel a notice setting forth performance and payment requirements; the notice cautioned that if those requirements were not met by the July 12, 2011, meeting of creditors, the trustee would ask the court to dismiss the case. Such a dismissal could have included a 180-day bar against refiling, as the notice stated:

> The Court may dismiss your case and restrict your ability to file any future bankruptcy case pursuant to Local Bankruptcy Rule 3015-1 and 11 U.S.C. Sections 109(g)(1) and 349.[4]

Marroquin filed her chapter 13 plan on May 26, 2011. The chapter 13 plan on its face noted that the court would hold a confirmation hearing at 9:00 a.m. on February 13, 2012. The same date and time for the confirmation hearing appeared in the notice of creditors meeting and confirmation hearing filed and served by

---

[4] Local Bankruptcy Rule 3015-1(c)(6) warns that failure to comply with the requirements of subsection (c) could result in

dismissal of the case either (i) without prejudice or (ii) with a 180-day bar to refiling pursuant to 11 U.S.C. § 109(g), if the court finds willful failure of the debtor to abide by orders of the court or to appear before the court in proper prosecution of the case.

Nehoray on July 10, 2011. That notice also warned of a possible 180-day bar, as it cautioned that:

> Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).

That notice was signed by Marroquin's counsel.

The chapter 13 trustee filed an objection to confirmation of Marroquin's plan, warning again that failure to appear at the confirmation hearing "may result in dismissal or conversion of the case." The objection enumerated five different grounds for the trustee's objection. U.S. National Bank also filed an objection to confirmation, observing that Marroquin had filed four cases since 2009 and had failed to provide for or include its claim in her plan.

Marroquin's case was called on the 9:00 a.m. calendar on February 13, 2012. Nehoray was not present. Counsel for the trustee stated:

> In this matter, your Honor, Debtor is deficient one plan payment. We haven't seen any mortgage declarations on the two pieces of real property, and Debtor is ineligible for Chapter 13.

Transcript of February 13 Hearing at 1:8-11.

After the court observed that Marroquin had filed three bankruptcy cases, trustee's counsel and counsel for U.S. Bank noted that the case was her fourth one, but her third within a year. The court replied "O.K. I order the case dismissed under section 349."

The transcript reflects that other matters were then heard by the court, after which Marroquin's case was called again, with Nehoray appearing. The court questioned why Nehoray had not been on time previously and Nehoray replied that he had been running late.

Thereafter the court and Nehoray engaged in a brief colloquy, the essence of which was that Nehoray may have been outside the courtroom when Marroquin's case was called earlier and that Nehoray had not checked in with the court reporter. The court expressed concern that trustee's counsel had arrived at 7:00 a.m., but Nehoray had not.

Trustee's counsel then repeated his contentions about a plan payment deficiency, the absence of mortgage declarations, and a failure to provide 2009/2010 tax returns and to file the required "rights and responsibilities" form.[5] He also questioned Marroquin's eligibility to file this chapter 13 case.

Both counsel for the trustee and for U.S. Bank repeated to the court that this was Marroquin's fourth case. Nehoray stated that Marroquin did not even know about one of the prior bankruptcies. In response to the court's query about the untimeliness of the plan payments, Nehoray replied that Marroquin had lost her husband and "wasn't providing everything to me, but she has made all the mortgage payments."

The court's disposition was short and to the point:

---

[5] We assume the trustee's counsel was referring to a Rights and Responsibilities Agreement between the Chapter 13 Debtor and her counsel.

- 5 -

The court: Yeah, the ruling stands.  Case dismissed.  Debtor is barred from filing any bankruptcy case - I'm using my discretion under Section 349 - without filing a motion on twenty-one days of notice with admissible evidence served on all creditors establishing cause as to why she should be able to file a bankruptcy case.

On February 4, 2012, the court issued an order and notice of dismissal (the "Dismissal Order") referring to the court's "findings and conclusions made at the confirmation hearing." The order provided that

(3) pursuant to Bankruptcy Code Section 349, debtor is prohibited from filing any new bankruptcy petition unless:

(a) debtor files a motion to request permission to file a new bankruptcy case ('Motion'), and the Motion is supported by admissible evidence;

(b) the Motion is served upon all creditors;

(c) the Motion is set for hearing on regular notice; and

(d) the court grants the Motion.

Id.

Curiously, the docket entry for the Dismissal Order states, in part, "Debtor Dismissed for 20 years.  Barred Debtor Marroquin, Ruth M. starting 2/14/2012 to 2/16/2032."  Thus, despite the prior notices about a possible 180-day bar, the court barred Marroquin either indefinitely (per the Order), or for twenty years (per the docket), from filing another case without complying with the terms set forth above.  Marroquin did not appeal the Dismissal Order and it is now final.

On July 9, 2012, Marroquin, represented by new counsel (who represented her in her initial two cases and who represents her in this appeal) filed an application for authority to file a new

bankruptcy case (the "Application").[6] Accompanying the Application was a declaration by Marroquin reciting the history of her prior filings, her employment of Nehoray, and Nehoray's admission to her of his failure to timely file various papers in the February 2011 case. She explained that "during this time" she had been caring for her bedridden husband (who passed away) and her two children, and that she lost her job. She was attempting to "restart her life," and explained what she intended to do in her new case if she were allowed to file it, including her commitment to comply fully with the provisions of the Bankruptcy Code, to file all required filings, to appear at all hearings and to diligently pursue her case. Her counsel also filed a declaration explaining his meeting with Marroquin in May 2012, and what he committed to do for her in a new chapter 13 case. He served all known creditors with the Application, setting it for hearing on August 7, 2012.

No one appeared at the August 7 hearing other than Marroquin's counsel. Counsel repeated the request that the court grant Marroquin authority to file, asking the court to "put a very tight leash on it so that everything is done properly, and this time it will be done right if the court's kind enough to grant our motion."

The court responded that this was not an issue of kindness, but an issue of whether or not Marroquin had carried her burden

---

[6] In Marroquin's Amended Opening Brief on appeal, her counsel describes the Application as a Motion For Reconsideration.

to show that there was a reasonable likelihood that she could reorganize or obtain a discharge, the two legitimate purposes of bankruptcy cases. Without citing to any specifics in Marroquin's prior cases, the court noted that she had utilized the bankruptcy process in multiple filings primarily to obtain the benefit of the automatic stay, and ignored those cases when it was inconvenient or difficult for her or she just chose not to go forward. The court concluded, in part:

> [T]he fact that we have four bankruptcy cases prior - and I consider that and I consider the actions of Debtor in those bankruptcy cases, I find that she has not carried her burden to show that she has a legitimate purpose for the filing of this bankruptcy case and that she can mount a reasonable effort to reorganize or to obtain a discharge of debt.

The court denied the Application and, on August 17, 2012, entered its order denying Marroquin's motion for permission to file a new bankruptcy case (the "Denial Order"). This timely appeal of that order followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157, and we would normally have jurisdiction to review the Denial Order under 28 U.S.C. § 158.[7] At oral argument, however, counsel stated that even if the panel were to reverse the Denial Order,

---

[7] In her Amended Opening Brief, Marroquin argued that the Denial Order and the Dismissal Order were both improper, but, as noted above, the Dismissal Order has become final. On January 23, 2013, we issued an order directing Marroquin to file a supplemental brief no later than February 9 to show us why we could review the Dismissal Order. No such brief was filed; counsel stated at oral argument that he had not received the January 23 order. He sought no further relief, nor asked us to review the Dismissal Order, so we do not.

Marroquin has no present intent to prosecute a bankruptcy case. Under the circumstances, as discussed below, we do not have jurisdiction to review the Denial Order.

### III. ISSUE

Is this appeal moot?

## IV. DISCUSSION

We must consider whether Marroquin's counsel's statement that his client no longer needs bankruptcy relief renders the appeal moot and deprives us of jurisdiction to afford Marroquin any relief. See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012) (citing Felster Publ'g v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005)).

An appeal is considered moot, and does not present a live case or controversy, when it would be impossible for us to grant any effective or meaningful relief to an appellant even if it were to prevail on the merits of its appeal. See id.

As a threshold matter, the problem for Marroquin here is the Dismissal Order, not the Denial Order. The Dismissal Order is certainly not moot, and it is likely preclusive, but it is final, and not subject to appeal. We may not properly consider in this appeal the wisdom and propriety of the Dismissal Order, which requires Marroquin to comply with prefiling procedures and to demonstrate legitimate need before she files bankruptcy.

The Denial Order, in contrast, has been properly appealed, but it is moot; the preclusive effect, if any, of the Denial Order that troubles the dissent is just too attenuated to support a present live controversy, especially given the degree of discretion built into the Dismissal Order upon presentation of new evidence.

The fact that a future judge might see the Denial Order and be influenced by it (which is as far as the matter might go

- 10 -

because he or she most certainly would not be bound by it) does not save this appeal from being dismissed as moot. Any potential future preclusive effect is hypothetical and is at most a collateral legal consequence of the bankruptcy court's decision. When faced with such potential consequences, federal courts generally consider vacatur, dismissing the appeal only after vacating the order being appealed. See, e.g., Camreta v. Greene, 131 S.Ct. 2020, 2035-36 (2011); U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25-28 (1994). Log Cabin Republicans v. U.S., 658 F.3d 1162, 1168 (9th Cir. 2011). To the extent the appeal is moot, such mootness arises from the actions of the appellant (i.e., her choice not to pursue bankruptcy relief even if she prevails). Consequently, vacatur does not appear to be an option. See Bonner Mall 513 U.S. at 24-29, (where mootness results from the voluntary forfeiture of legal remedy by the losing party, the equitable remedy of vacatur is surrendered). As noted by the Ninth Circuit:

> Vacatur is in order when mootness occurs through happenstance . . . [or] the unilateral action of the party who prevailed in the lower court." Arizonans for Official English v. Arizona, 520 U.S. 43, 71-72, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (citation and internal quotation marks omitted). Vacatur is not necessarily appropriate where mootness arises as a result of the voluntary actions of the party who lost below.

United States v. Pattullo (In re Pattullo), 271 F.3d 898, 902 (9th Cir. 2001) (citation to Bonner Mall omitted).

Even though vacatur is not appropriate here, that does not mean the potential collateral legal consequences of the unvacated judgment make an appeal from that judgment any less moot. There

still is no live case or controversy.  Accordingly, we DISMISS.

Dissent begins on next page.

Montali, J, dissenting:

I respectfully dissent. I agree that an appeal is considered moot, and does not present a live case or controversy, when it would be impossible for us to grant any effective or meaningful relief to Marroquin even if she were to prevail on the merits of its appeal. Here, however, we could provide her with effective relief, notwithstanding the statement of Marroquin's counsel at oral argument. As the Denial Order remains extant, it precludes Marroquin from filing a case in the future, even the very near future, particularly where the Dismissal Order provided for either a 20 year ban or a lifetime ban. By addressing the merits of Marroquin's appeal, we would ensure that the Denial Order has no preclusive effect and that she can file a future case without the Denial Order barring such relief.

While section 349 does not specifically permit dismissal of a case "with prejudice," the Ninth Circuit has held that such dismissals are authorized under appropriate circumstances.[8] Leavitt v. Soto, 171 F.3d 1219 (9th Cir. 1999) ("Leavitt I"), affirming 209 B.R. 935 (9th Cir. BAP 1997); Ellsworth, 455 B.R. at 922. Dismissal with prejudice is a "drastic remedy reserved for 'extreme situations.'" Ellsworth, 455 B.R. at 922, quoting Colonial Auto Center v. Tomlin (In re Tomlin), 105 F.3d 933, 937 (4th Cir. 1997). As BAP stated in Ellsworth:

[A] bankruptcy court rarely uses its authority to bar

---

[8]In contrast, section 109(g) provides a specific 180-day bar if a debtor's case was dismissed for willful failure to abide by orders of the court or to appear before the court in proper prosecution of the case.

- 1 -

the discharge of debts in a later case. In any court, a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct. Given that the Bankruptcy Code's central purpose is remedial, i.e., to afford insolvent debtors an opportunity to enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt, such an order is particularly devastating in a bankruptcy case. For this reason, a permanent bar to discharge is at times referred to as the capital punishment of bankruptcy, for it removes much of the benefit of the bankruptcy system.

Ellsworth, 455 B.R. at 933, quoting Tomlin, 105 F.3d at 937.

The transcript of the hearing that led to the Dismissal Order makes obvious that the court was frustrated with Nehoray's conduct and troubled by yet another case of a repeat filer. But nothing in the record suggests that the court considered any of Marroquin's conduct egregious and certainly made no findings to that effect.

Because section 109(g) provides a specific bar to refiling when a debtor has had a prior case or cases dismissed for willful failure to comply with court order, a dismissal with prejudice requires more than multiple filings. Certainly there must be bad faith. Leavitt I, 171 F.3d at 1224. To determine whether such bad faith exists, the court should consider the following factors:

(1) whether the debtor misrepresented facts in his or her petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his or her chapter 13 petition or plan in an inequitable manner;

(2) the debtor's history of filings and dismissals;

(3) whether the debtor only intended to defeat state court litigation; and

(4) whether egregious behavior is present.

- **2** -

Id.

Although we are not reviewing the Dismissal Order, I note that even though the warnings and notices provided to Marroquin mentioned only the possibility of a 180-day bar, the court barred her indefinitely unless she received court permission to file. Moreover, apart from reciting Marroquin's history of previous findings, the court did not make any findings as to the other three factors identified in Leavitt I. Implicit in the Dismissal Order is a further requirement of court approval of any subsequent bankruptcy filing, but absent from the order are any standards beyond supporting such a request with admissible evidence, service on all creditors, and setting it for hearing.

Marroquin filed exactly what was required by the Dismissal Order, supported it by two sworn declarations, and served it on all creditors with adequate notice. In the Application, she explained the circumstances of her chapter 13 cases in 2010 and 2011. In the first instance, she dismissed her case because she was able to reinstate her loan on the Condo and in the second case she had provided the necessary documents to her counsel who failed to file them. She further explained how she had engaged new counsel, intended to deal with existing defaults in a chapter 13 plan, keep the Condo, keep payments current, and cure the arrearages once the correct amount was determined. She stated that she intended to fully comply with the provisions of the Bankruptcy Code, to timely file all required filings, to appear at all hearings, and to diligently pursue her case. She added that there was no current notice of default or foreclosure

- **3** -

and that she wanted to seek a valuation of the property and to determine arrearages owed to her creditors.

The court made no determination of whether she had complied with the Dismissal Order. Clearly she had. Instead, it focused on the existence of the prior cases and reiterated its view of the Debtor's motivations for filing them. It did not examine whether any of the other "bad faith" factors existed. Debtor, however, did explain the circumstances for filing those cases and did state that she was prepared to prosecute fully her chapter 13 case. Given these representations, and given that the court based its denial of leave to file the new case primarily on the existence of the prior cases (when section 109(g) provides the remedy for that particular issue), I believe that the court abused its discretion in entering the Denial Order, especially as nothing in the record demonstrated egregious or other conduct to support a bad faith finding that would justify dismissal of the new case under section 1307.

Marroquin should not have suffered the draconian consequences of the 20 year or lifetime ban of the Dismissal Order. Just as any other debtor who endures and outlasts a 180-day bar may file again, Marroquin should be able to. We should reverse the Denial Order. Therefore I dissent from the dismissal of this appeal.